UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:16-cv-01139-BJD-JBT

**RICK F. WHITCHER,**

                     Plaintiff,

vs.

**GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY,**

                     Defendant.
_____/

## **PLAINTIFF'S MOTION IN LIMINE – EXCLUSION OF ATTORNEY REPRESENTATION IN THE MEDICAL RECORDS**

Plaintiff, RICK F. WHITCHER ("Plaintiff"), respectfully moves that counsel and any and all witnesses be instructed by appropriate Order of the Court to refrain from making any mention or interrogation, either directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein. In this connection, the Plaintiff would show the Court that the matters set out would be inadmissible for any purpose in that they have no bearing on the issues in this cause or the rights of the parties in this suit. Permitting interrogation of witnesses, comments to jurors or prospective jurors or offers of evidence of any kind concerning these matters, would prejudice the jury and sustaining objections to such questions, comments or offers would not correct such prejudice, but rather would re-enforce the impact of such prejudicial matters upon the jurors. Accordingly, as these issues would clearly be more prejudicial than probative, any reference to these issues should be prohibited.

      1.     Any and all evidence, references to evidence, testimony or argument relating to whether RICK F. WHITCHER was represented by an attorney in the medical records should be

excluded. Specifically, Defendant intends to introduce medical narrative(s) relating to Plaintiff's prior auto collision(s) [2004 and 2006] prepared by Dr. Sury, who was Plaintiff's prior pain management doctor, addressed to Plaintiff's attorney, Jeffrey R. Bankston, Esq. The medical narratives only relate to lumbar injuries sustained by Plaintiff in the prior auto collisions. Plaintiff has filed and served a notice of withdrawal of any and all claims relating to any lumbar injuries sustained, or aggravation of pre-existing injuries, to Plaintiff's lumbar spine. The medical narratives do not relate to any injuries Plaintiff is making claims for in the instant action.

## MEMORANDUM OF LAW IN SUPPORT

To be relevant, evidence must tend to prove or disprove a fact in issue. Rule 401, F.R.E. Further, otherwise relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. Rule 403, F.R.E.

Evidence in the medical records relating to whether RICK F. WHITCHER was represented by an attorney is irrelevant to any of the contested issues in this case. Any inclusion of this evidence within the medical records would only go towards the litigiousness of the Plaintiff, which is clearly improper. *See Watson v. Builders Square, Inc.*, 563 So.2d 721, 722-23 (Fla. 4th DCA 1990) (We find that the trial judge abused her discretion when she admitted evidence of Watsons' post accident contact with their attorney. The evidence was irrelevant and should be excluded at the retrial as no basis exists for appellee to prove appellants' litigiousness). *Cf. Zabner v. Howard Johnson's Inc. of Fla.*, 227 So.2d 543 (Fla. 4th DCA 1969) (reversible error to admit evidence of fifteen prior lawsuits).

Accordingly, any such reference to whether RICK F. WHITCHER had an attorney should be redacted from any evidence offered by the parties, and both parties should be prohibited from referring to such evidence in any way.

### **CERTIFICATION OF COMPLIANCE WITH RULE 3.01(G)**

The undersigned counsel for Plaintiff certifies that prior to filing the instant Motion that he has conferred with counsel for the Defendant and that Defendant's counsel cannot agree to same.

**WHEREFORE**, the Plaintiff, RICK F. WHITCHER, prays this Honorable Court for an Order prohibiting the Defendant from presenting any testimony or evidence relating to whether RICK F. WHITCHER had retained an attorney in the medical records.

        BUSCHMAN, AHERN, PERSONS
        & BANKSTON

        */s/ Jeffrey R. Bankston*
        JEFFREY R. BANKSTON
        Florida Bar No. 847992
        M. JESSE STERN, ESQ.
        Florida Bar No. 118440
        2215 South Third St., Suite 103
        Jacksonville Beach, Florida 32250
        Telephone: (904) 246-9994
        Facsimile:  (904) 246-6680
        Primary: eservice@bapblaw.com
        Secondary: cgleason@bapblaw.com
        Attorneys for Plaintiff

and

MORGAN & MORGAN, P.A.

**ERIC S. BLOCK, ESQ.**
Florida Bar No.: 0915531
76 S. Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: (904) 361-4453
Facsimile: (904) 361-7245
Co-Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing has been served via e-mail upon Martin H. Sitler, Esq., 200 West Forsyth Street, Suite 1400, Jacksonville, FL 32202, at mhsitler@mdwcg.com; plbirch@mdwcg.com; Corey J. Portnoy, Esq., 200 West Forsyth Street, Suite 1400, Jacksonville, FL 32202, cjportnoy@mdwcg.com, this 1st day of March, 2019.

_____
M. JESSE STERN, ESQ.

4